## J. M. Tompkins *v.* The Scranton Traction Company, Appellant.

*Negligence—Contributory negligence—Question for jury.*

Where the facts, as to whether defendant's car was properly lighted; whether the gong was sounded; whether the speed was unusual and unsafe at the point and time of accident; and whether plaintiff's conduct contributed to the accident, were all important and all disputed, the case was for the jury.

*Trial—Charge of court—Practice, C. P.*

The question of defendant's negligence and plaintiff's contributory negligence being proper to submit to the jury they were properly submitted when the defendant had the benefit of a full, clear, unbiased and satisfactory charge in which all the weaknesses of the plaintiff's case were pointed out and dwelt upon and where the trial judge to avoid mere guessing or loose and uncertain methods of reaching a conclusion on the part of the jury, submitted certain questions for their finding which compelled a careful analysis of the evidence and elicited answers which manifested care in the weighing of the evidence and deliberation in reaching a conclusion.

Argued Jan. 13, 1897. Appeal, No. 34, Jan. T., 1897, by defendant, from judgment of C. P. Lackawanna Co., March T., 1894, No. 753, on verdict for plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Trespass for injuries resulting from a collision. Before Archbald, P. J.

The facts appear from the following extract from the charge of the court below.

The plaintiff, Mr. Tompkins, about half past six on the even-

ing of the 12th of January, 1894, was driving to his home on Capouse avenue in this city. He had a team with a lumber wagon, and was going home after finishing his day's work. The evening was dark and was cold and blustering, according to the statement that he makes. He says he turned from Larch street into Capouse avenue, crossing the Delaware & Hudson tracks at that point, then drove up Capouse avenue till he got opposite his own house and then crossed over, and just as he was in the act of crossing, a street car belonging to the defendant company, crashed into his wagon, breaking the front wheels and injuring the body of it in some respects, and he says that he himself was thrown off his seat and was injured, his elbow being bruised, his head cut, and his hip wounded by a piece of glass from the window of the car through which he was forced. He says that by reason of this accident he has not been able to do work for a considerable time, and has experienced pain as the result of it. He claims that this was inflicted by the negligence of the defendant company, and he, therefore, claims a verdict at your hands that will compensate him for what he has experienced.

The defendant company denies that there was any negligence on their part, at that time, and claims that the whole accident resulted because of want of sufficient precaution and judgment on the part of the plaintiff himself in crossing right in front of a street car, which was plainly observable, as they say, and which he ought to have seen. Those few words present the issue or issues that are involved in this case, and which you, by your verdict, are to dispose of.

The court left the question of negligence and contributory negligence to the jury, submitting to them the following questions, which with the answers thereto made by the jury are as follows :

(1) In what respect were those in charge of the street car negligent? As you will have to find that the defendant company or those in charge of the car were negligent upon that occasion, if you should find in favor of the plaintiff, this question calls from you in that event, to indicate in what respect they were negligent.

(2) Why couldn't the plaintiff have seen or observed the street car before it struck him? As I have already said to you, you will have to find that the plaintiff was not negligent, and

this question calls upon you to indicate why he could not have seen or observed the car.

On the other hand, if your verdict should be in favor of the defendant, then you will answer these two questions:

(1) Were those in charge of the street car negligent?

(2) Was the accident caused by the plaintiff's own negligence? That is to say, if you should find in favor of the defendant, by answering these questions, it will enable us to know whether you base that finding upon the fact that the plaintiff himself was negligent, or that the defendant was free from negligence.

With these instructions I submit the case into your hands.

Verdict for plaintiff for $200. Defendant appealed.

*Errors assigned* were (1–4) refusing defendant's points which involved taking the case to the jury on the question of negligence; (5) in overruling defendant's objection and allowing the test to be made of the eyesight of a witness; (6–8) in charging the jury as follows:

"If it was the duty, as you judge it, of the defendant company to have their car lighted with a headlight, and they failed to have one, or to have one which was sufficient, then they would be negligent in not having it, or not having one that was sufficient."

\*    \*    \*    \*    \*    \*    \*    \*

"But between these two extremes (20 miles an hour and six miles an hour) is a question that either we have got to have direct evidence of experts upon, or you gentlemen are to bring your common judgment to bear and determine accordingly."

\*    \*    \*    \*    \*    \*    \*    \*

"It is for you to say, however, on all this testimony, whether the car was going so fast as to amount to negligence."

*Horace E. Hand,* for appellant.—That a street car has the superior right of way at a point not a street crossing, will not, it is believed, be controverted: Warner v. Street Railway Co., 141 Pa. 615; Ehrisman v. Railway Co., 150 Pa. 180.

It is the duty of a traveler about to drive across a street railway to look and listen for an approaching car, and to stop if necessary, at the edge of the track, and his neglect to do so

is negligence per se: Ehrisman v. Ry. Co., 150 Pa. 180; Whel-ahan v. Traction Co., 150 Pa. 187; Thomas v. Citizens Pass. Ry., 132 Pa. 504; Carson v. Railway Co., 147 Pa. 219; Railroad Co. v. Bell, 122 Pa. 58; Moore v. Railroad Co., 108 Pa. 349.

Where the evidence shows that one must have seen if he had used his eyes, a nonsuit may be entered: Marland v. R. R., 123 Pa. 486: Moore v. R. R., 108 Pa. 349; R. R. v. Mooney, 126 Pa. 244; Myers v. R. R., 150 Pa. 386; Lee v. R. R., 154 Pa. 46.

The defendant was entitled to binding instructions: Holden v. Railroad, 169 Pa. 1.

The testimony of one witness who hears is worth more than dozens who do not: Urias v. Railroad Co., 152 Pa. 326.

On the question of unusual rate of speed, cited: Yingst v. Railway Co., 167 Pa. 438; Goshorn v. Smith, 92 Pa. 435.

A driver or motorman has the right to suppose that a person when duly warned will not attempt to cross the street immediately in front of a car: Booth's Street Railway Law, p. 414, sec. 305.

*S. B. Price*, with him *J. W. Browning*, for appellee.

OPINION BY BEAVER, J., February 16, 1897:

Was the defendant negligent? Was the plaintiff guilty of contributory negligence? These were the practical and principal questions involved in this case. Was it necessary to submit them to the jury for their finding? A careful examination of all the testimony convinces us that it was. Was the defendant's car properly lighted? This was important. The night was dark, the wind was high, the street was dusty. The fact was disputed. Was the gong sounded? If the car was not sufficiently lighted, this was important. It was disputed. Was the speed of the car unusual and unsafe at the point at which the accident occurred? If light was insufficient and the gong was not sounded, this was important. It was disputed. In the defendant's testimony, there is the difference between a minimum rate of six miles and a maximum rate of ten miles per hour. The plaintiff's testimony makes the rate considerably greater. The testimony was of such a character as to this point

that it could not be properly taken from the jury. The question of the defendant's negligence as to all of these points was, therefore, for the jury. Was the plaintiff guilty of contributory negligence? He had a right to be upon the street. He had no right to cross defendant's track, without observing the usual precautions. These he swears positively were observed—that, before attempting to cross the track toward his stable, as he testifies, "I stopped my team and listened for a car—at least I always do before crossing any track. I saw no car or heard no alarm or nothing, pulled my team to the left and turned them and went to drive in my yard and the car struck me—struck my wagon at least." The motorman contradicts this, and there is also some contradiction as to his having crossed other tracks that day, without observing the necessary precautions. The horses were across the track, before the wagon was struck. From the character of the injury, the wagon must have been struck about or a little in front of its centre. The defendant argues that, because the collision occurred almost immediately after the attempt to cross was made, the car being lighted, the plaintiff must have seen it, if he had looked and, because he did not see it, therefore he did not look. If the night were "very dark," the wind were high and the street dusty, the plaintiff being confessedly in the white glare of an arc lamp which hung at the intersection of Larch street and Capouse avenue upon the latter of which he was traveling, it is altogether possible that the yellow light of a sixteen-candle power incandescent lamp might have failed to attract and fix his attention.

The question of the plaintiff's contributory negligence was also one for the jury. The trial judge could not have properly declared as a matter of law that the plaintiff was guilty of contributory negligence. The facts upon which Ehrisman v. Harrisburg Ry. Co., 150 Pa. 180, and Holden v. R. R., 169 Pa. 1, were ruled are not similar to those in the case under consideration.

If the questions of defendant's negligence and of plaintiff's contributory negligence were necessarily submitted to the jury, were they properly so submitted? The defendant had the benefit of a full, clear, unbiased, satisfactory charge. The weakness of the plaintiff's evidence as to the speed at which the car was running was pointed out and dwelt upon. The trial

judge, in order to avoid mere guessing or loose and uncertain methods of reaching a conclusion on the part of the jury, submitted certain questions for their finding which compelled a careful analysis of the evidence and elicited answers which manifested care in the weighing of the evidence, and deliberation in reaching a conclusion. The negligence of the defendant is found "in not sounding a gong and running too fast." The inability of the plaintiff to have seen or observed the street car, before it struck him, was declared to be "because of the high wind and dust and insufficient light on car and high rate of speed." To the question "Were those in charge of the street car negligent?" the jury said "Yes," and to the other principal question in the case, "Was the accident caused by the plaintiff's own negligence?" the answer was "No." The rights of the plaintiff were as carefully guarded as they well could be in a case which was necessarily one for the jury. The refusal of the court to affirm the defendant's third, fifth, sixth and seventh points was entirely justified by the evidence. The fifth assignment of error, which relates to the overruling of defendant's objection and allowing the test to be made of the eyesight of the witness Edwards is not sustained. It was a practical test better than any description of his eyesight which the witness could give, and the defendant had the full benefit of a careful cross-examination as to the difference between the eyesight of the witness at the time of the trial and of the accident. We cannot see that the defendant was in any way injured. The language of the court in the charge to the jury, as specified in the sixth, seventh and eighth assignments of error, is unobjectionable and consists of parts of a charge which, clearly and carefully submitted to the jury, what were necessarily questions for their consideration and finding. We see nothing to condemn and much to commend in the manner in which the case was tried and submitted to the jury. The judgment is affirmed.